ATWOOD LEON BURNS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burns v. Commissioner
Docket No. 29738-91
United States Tax Court
T.C. Memo 1993-532; 1993 Tax Ct. Memo LEXIS 541; 66 T.C.M. (CCH) 1337; November 17, 1993, Filed *541 Decision will be entered for respondent. Atwood Leon Burns, pro se. For respondent: Karen Wright. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Addition to Tax
Penalty
Year
Deficiency
Sec. 6653(a) Sec. 6662(b)(1)
1988
$ 2,235
$ 111.75
-- 1989
2,869
-- $ 236.04
After concession by the parties, the issues remaining for decision are: (1) Whether petitioner's photography activity was an activity not engaged in for profit during the years 1988 and 1989; (2) whether petitioner's accounting activity was an activity not engaged in for profit during the years 1988 and 1989; (3) whether petitioner is entitled to a deduction for expenses paid to travel between his residence and the Yellow Cab Company; (4) *542 whether petitioner is liable for an addition to tax under section 6653(a) for the year 1988; and (5) whether petitioner is liable for the accuracy-related penalty under section 6662(b)(1) for the year 1989. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Park Forest, Illinois, on the date the petition was filed in this case. Petitioner timely filed his tax returns for the years 1988 and 1989 with the IRS. After the notice of deficiency was issued, petitioner filed amended returns for the years 1988 and 1989. Petitioner, a certified public accountant, is involved in three separate activities. He is a taxicab driver for the Yellow Cab Company (Yellow Cab), he is a photographer, and he is an accountant. However, during the years in issue, petitioner's primary occupation was that of a taxicab driver for Yellow Cab in Chicago, Illinois. The majority of petitioner's day was spent driving his cab. His taxicab business generated nearly all of petitioner's income; approximately 99 percent of petitioner's gross income came from taxicab fares. On the days petitioner *543 leased a taxicab, petitioner would use his own automobile to travel 30 miles from his home in Park Forest to Chicago. Petitioner deducted the cost of traveling between his home and Chicago as a travel expense. Petitioner also testified that he was in the photography business. Between 1977 and 1981, petitioner worked as a free-lance photographer for Lois Photographers and David Greenberg. Since 1981, petitioner has been a free-lance photographer. Between 1983 and 1985, petitioner spent $ 3,074 on photography equipment, built a dark room in the basement of his apartment, and began advertising in the yellow pages as a photographer. However, by the year 1988, petitioner had ceased advertising or even charging for his photography services. According to petitioner, he was in the promotional stage of his photography career. Rather than charge for his services, petitioner was attempting to create business goodwill and position himself for future, more lucrative, photography jobs. In fact, on the few occasions petitioner was actually offered payment for his services, petitioner testified that he refused to accept any money. In addition, while driving a taxicab, petitioner, who stated *544 he always kept his camera equipment with him, was also "hoping someday" to take a picture worth selling for a thousand dollars or more. If petitioner came across an interesting scene during the day, petitioner would take a picture, develop the picture in his dark room that night, and then presumably offer to sell the picture. Petitioner did not report any income from his photography business during the years 1988 or 1989. Petitioner also testified that he is an accountant. During 1988, petitioner's accounting business required approximately 2 hours of his time and generated a total of $ 51.52 in income, $ 15 for preparing a state sales tax return, $ 25 for preparing a Federal income tax return, and an $ 11.52 brokerage fee. During 1989, petitioner's accounting business generated a total of $ 46 in income. The entire amount came from the preparation of one Federal income tax return which took approximately 1 hour to complete. During the years in issue, petitioner ran his photography and accounting activities from the basement of his two story apartment. On one side of the basement, petitioner constructed his dark room, and on the other side of the basement, petitioner set up *545 his office. Petitioner deducted one half of his rent, utilities, and telephone costs as home office expenses. On petitioner's Schedule C for the years 1988 and 1989, petitioner lumped all the expenses of each activity together. Petitioner's 1988 and 1989 Schedule C showed the following expenses. 1988
1989
Bank Service Charges
$   12.00
$   12.00
Car and Truck Expense
1,881.00
1,348.00
Depreciation
1,368.40
1,533.44
Insurance
-- 21.25
Dues and Publications
30.00
30.00
Interest
1,065.81
817.36
Laundry & Cleaning
15.58
-- Legal Services
19.62
12.47
Office Expense
122.55
10.21
Rent
1,964.00
2,034.00
Repairs
25.64
98.00
Supplies
136.74
114.57
Taxes
73.00
-- Travel
13.75
-- Meals and Entertainment
32.00
-- Utilities and Telephone
566.92
379.84
Business Course
16.00
305.00
Miscellaneous
33.43
-- The car and truck expenses relate to the cost of travel between petitioner's residence and the Yellow Cab in Chicago. The utilities, telephone, and rent expenses relate to the cost of petitioner's home office for his accounting and photography activities. The rest of the expenses are attributable to either petitioner's photography or accounting *546 businesses. Deductions are strictly a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer has the burden of proving that he is entitled to any deduction claimed. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). 1. Trade or Business Deductions. Section 162 generally provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in any trade of business. Sec. 162(a). The prerequisite for deductibility of expenses under section 162 is that the activity involved be engaged in with the predominate purpose and intention of making a profit. Sec. 183; Allen v. Commissioner, 72 T.C. 28, 33 (1979). Section 183(a) provides that if any activity is not engaged in for profit, no deduction shall be allowed except as otherwise provided in section 183(b). Section 183(b)(2) allows deductions for expenses that would have been deductible had the activity been engaged in for profit, up to the excess of income earned by the activity over the deductions allowed in any event. *547 In determining whether an activity is one engaged in for profit, we must determine whether the taxpayer entered into the activity, or continued in the activity, with the actual and honest objective of making a profit. Antonides v. Commissioner, 91 T.C. 686, 694 (1988), affd. 893 F.2d 656 (4th Cir. 1990); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The burden of proving the necessary profit objective is on the petitioner. Rule 142(a); Welch v. Helvering, supra.The taxpayer's stated intention to make a profit is not determinative. Dreicer v. Commissioner, supra.Greater weight is given to objective factors than taxpayer's mere statement of intent. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-(2)(a), Income Tax Regs. The issue is one of fact that must be resolved by the Court based on the facts and circumstances of each case. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); *548 sec. 1.183-2(b), Income Tax Reg.
Respondent determined that petitioner was not in the trade or business of either photography or accounting. a. Photography Activity. We conclude that petitioner did not engage in his photography activity with the necessary profit objective. Petitioner testified that because he was in the promotional stage of his photography career he was not charging for his services or selling his pictures. Thus, during the years in issue, petitioner did not have an actual and honest objective of making a profit. The most that can be said of petitioner's photography business is that petitioner hoped to someday be a successful photographer and support himself from this activity. That day has not yet arrived. Therefore, petitioner is not entitled to deduct losses relating to his photography activity. b. Accounting Activity. We similarly conclude that petitioner did not engage in his accounting activity with the necessary profit objective. Petitioner devoted very little time and effort to his public accounting business. During the years in issue, petitioner worked in his accounting business for approximately 3 hours. The occasional revenue *549 petitioner received from his accounting activity was de minimis compared to the expenses incurred. Petitioner did not expect to earn current profits from his accounting activity. At a minimum, when a taxpayer claims to be in a trade or business of selling services, he must establish that he has clients or a reasonable prospect of getting clients in the future. Petitioner did not introduce evidence of a current client base or prospective client base. Similarly, petitioner did not introduced evidence of tangible steps taken to increase clients and/or revenues. Therefore, petitioner is not entitled to a deduct losses relating to his accounting activity. 2. Travel Expenses. Petitioner deducted the cost of traveling from his residence in Park Forest to the Yellow Cab in Chicago. Petitioner argues that he is entitled to a deduction for travel expenses because he was traveling between businesses, his taxicab business and his photography or accounting businesses. It is axiomatic that personal expenses are not deductible. Sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946). Petitioner was not operating a business from his home. Petitioner's *550 sole place of business was at the Yellow Cab in Chicago. Consequently, the expenses incurred by petitioner in traveling between his residence and Yellow Cab were nondeductible personal commuting expenses. 3. Section 6653(a)(1) Addition to Tax. Section 6653(a)(1) imposes an addition to the tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the addition to tax does not apply. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Based on the record, petitioner has failed to demonstrate that he was not negligent. Accordingly, we sustain respondent on this *551 issue. 4. Section 6662 Penalty.
Section 6662(a) and (b)(1) provides that for returns for which the due date is after December 31, 1989, if any portion of an underpayment of tax is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 20 percent of such portion of the underpayment. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless or intentional disregard. Sec. 6662(c). Petitioner has the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Based on the record, petitioner has similarly failed to demonstrate that he was not negligent. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩